Muhannad N. EMEISH, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 00–3782.

United States Court of Appeals,
Seventh Circuit.

Argued April 6, 2001.

Decided April 19, 2001.

Before Hon. FLAUM, Chief Judge, Hon. POSNER and Hon. WILLIAMS, Circuit Judges.

## ORDER

The petitioner was turned down for asylum and appeals, also complaining about the refusal of the Board of Immigration Appeals to allow him to present to it new evidence which he had not submitted to the Immigration Judge. The petitioner is a Christian citizen of the Kingdom of Jordan, and claims that he was persecuted in Jordan on account of his religion and that he fears a resumption of the persecution if he returns there. The evidence shows that he was mistreated by Muslims as a schoolboy on account of his religion, but his father (a retired general in the Jordanian Army) and mother live undisturbed in Jordan, and there is no indication of official complicity in the mistreatment of which he complains. He claims that one of his cousins was raped and forced to marry a Muslim, and another was chased into an electrified pool of water and electrocuted, but there is no indication that these unfortunate events were precipitated by religious difference. All that the record shows is that the petitioner is a member of an unpopular minority in his country, a fact that unfortunately does not distinguish him from hundreds of millions of other people around the world; without considerably more than this bare fact, an illegal alien cannot establish an entitlement to asylum.

The Board was not required to permit the petitioner to present new evidence at the appellate level–not newly discovered evidence in the sense of evidence that couldn't have been presented earlier, but evidence that the petitioner hadn't bothered to obtain earlier. Although advised of his right to counsel and even given a list of immigration lawyers who might handle his case at low or no cost to him, the petitioner was emphatic that he wanted to represent himself, and he must live with the consequences. When pressed by the Immigration Judge for evidence to support the petitioner's allegation that Christians are persecuted in Jordan, he replied that "probably I didn't do enough research." That was a self-inflicted wound that the Board of Immigration Appeals was not required to cure. In any event the evidence that he wanted to present, consisting entirely of dated newspaper accounts of prejudice against Christians in Muslim countries, would not have changed the Board's decision.

AFFIRMED.